T.C. Memo. 1998-48

UNITED STATES TAX COURT

JUDITH WEINGARTH FOX, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16226-96.                     Filed February 9, 1998.

Judith Weingarth Fox, pro se.

<u>Michael D. Baker</u>, for respondent.

MEMORANDUM OPINION

FOLEY, <u>Judge</u>:  Respondent determined the following
deficiencies in and additions to petitioner's Federal income
taxes:

|      |            | Additions to Tax | |
| Year | Deficiency | Sec. 6651(a) | Sec. 6654 |
|------|------------|--------------|-----------|
| 1987 | $14,493    | $3,623       | $783      |

| | | | |
|---|---|---|---|
| 1988 | 50,029 | 12,507 | 3,198 |
| 1989 | 1,163 | 291 | -- |
| 1990 | 34,767 | 8,692 | 2,290 |

After concessions by the parties, the only remaining issues are whether petitioner is liable for the additions to tax set forth below:

|  | Additions to Tax | |
|---|---|---|
| Year | Sec. 6651(a) | Sec. 6654 |
| 1987 | $1,150 | $280 |
| 1988 | 611 | 157 |
| 1990 | 1,186 | -- |

At the time the petition was filed, petitioner resided in Philadelphia, Pennsylvania.  All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Section 6651(a) imposes an addition to tax for failure to file a tax return in a timely manner.  Petitioner's tax returns for 1987, 1988, and 1990 were due on April 15, 1988, 1989, and 1991, respectively.  Petitioner, however, did not file such returns until October 10, 1997.  Petitioner has failed to establish that her tardiness was due to reasonable cause and not due to willful neglect.  Sec. 6651(a); United States v. Boyle, 469 U.S. 241 (1985); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Accordingly, petitioner is liable for the section 6651(a) additions to tax.

Section 6654 imposes an addition to tax for failure to make estimated tax payments. Petitioner did not remit estimated tax payments for the years in issue. In addition, she has failed to establish that she falls within any of the exceptions to section 6654. Therefore, petitioner is liable for the section 6654 additions to tax.

All other arguments raised by the parties are either moot or without merit.

To reflect the foregoing,

Decision will be entered

pursuant to Rule 155.